THE STATE OF OHIO *v.* POLOZZI.

(No. 75-CR-B-01625—Decided April 16, 1975.)

Akron Municipal Court.

*Mr. Peter D. Oldham,* prosecuting attorney, for plaintiff.

*Messrs. Allison & Miller* and *Mr. Howard M. Allison,* for defendant.

COLOPY, J.    The complaint in this case alleges that defendant, Michael A. Polozzi, on two successive evenings, March 6 and 7, 1975, conducted schemes of chance, bingo, and used a gambling device, a bingo ball machine, in the operation of these bingo games contrary to R. C. 2915.02 A (2) (5).

R. C. 2915.02 provides in part:

"(A) No person shall:

"* * *

"(2) Establish, promote, or operate, or knowingly

engage in conduct which facilitates any scheme or game of chance conducted for profit;

"* * *

"(5) With purpose to violate division A * * * (2) * * * of this section, acquire, possess, control, or operate any gambling device.

"* * *

"(D) Whoever violates this section is guilty of gambling, a misdemeanor of the first degree. If the offender has previously been convicted of any gambling offense, gambling is a felony of the fourth degree."

The prosecution, upon oral motion was permitted to amend the complaint by the addition of the word "for profit" to conform to statute.

Both the prosecution and the defense have agreed that bingo is a scheme of chance as defined in R. C. 2915.01. See *Westerhaus* v. *Cincinnati* (1956), 165 Ohio St. 327; *Kroger Co.* v. *Cook* (1970), 24 Ohio St. 2d 170.

The definitions of the terms used in the above statute are set out in R. C. 2915.01, Ohio Revised Code, as follows:

"(E) 'Scheme or game of chance conducted for profit' means any scheme or game of chance designed to produce income for its backer, promoter, or operator, but does not include any scheme or game of chance designed to produce income solely for charitable purposes when the entire net income after deduction of necessary expenses is applied to such purposes."

"(F) 'Gambling device' means:

"* * *

"(2) A ticket, token, or other device representing a chance, share, or interest in a scheme of chance, or evidencing a bet;

"* * *

"(4) Any equipment, device, apparatus, or paraphernalia specially designed for gambling purposes."

Section 6, Article XV of the Ohio Constitution provides that "[l]otteries, and the sale of lottery tickets, for any purpose whatever, shall forever be prohibited in this state * * *." This Ohio constitutional provision has re-

cently been amended to permit a lottery conducted by the state of Ohio, but nothing more. An activity clearly prohibited by the Ohio Constitution cannot be affirmatively legalized by statute, but there is no attempt in R. C. 2915.01 and 2915.02 to do so. The General Assembly has simply failed to provide a penalty for gambling other than for profit.

The same issues were exhaustively covered by the late Judge Stephen C. Colopy of the Common Pleas Court of Summit County, *State* v. *Parker et al.* Court of Common Pleas No. 23621 (1947), affirmed Summit County Court of Appeals No. 3900 (1947), affirmed Ohio Supreme Court (1948), 150 Ohio St. 22.

The statute in 1947 made it a crime for a person to gamble for "his own profit." It did not penalize gambling for pleasure or charity or both. Judge Stephen C. Colopy stated in *State* v. *Parker, supra*, at pages 2 and 3 of the court's finding, as follows:

"The mere fact that the General Assembly has failed to provide a penalty for everyone who operates a lottery, or engages in the sale of lottery tickets, creates no serious problem with respect to the validity of the offense that it did define. The present statute carries no implication that the General Assembly has legalized any lotteries. The most that can be said in this connection is that the General Assembly has failed to provide a penalty against one who operates a lottery but does not operate it for his own profit."

The present statute is substantially the same as the one in 1947.

The court finds that these statutes, R. C. 2915.01 and 2915.02, are constitutional. They prohibit only games or schemes of chance conducted for profit and not those games conducted solely for pleasure or for charity or both. For example, schemes or games of chance such as bingo, where the entire net proceeds after deduction of necessary expenses is applied to a charitable purpose, are not prohibited by statute. It is not a crime to conduct church bingo solely for charity. However, if the promoter of

the bingo game or scheme of chance disposed of the real net income to other than a charity, if he paid himself or others a substantial salary and gave only a small amount to charity, then this would be a game for profit and would constitute a crime in Ohio. See R. C. 2915.01(E).

Defendant Michael A. Polozzi, has filed a motion to suppress the evidence on this complaint alleging that the device used for bingo was seized and defendant arrested without probable cause in violation of Section 14, Article I of the Ohio Constitution and contrary to the Fourth and Fourteenth Amendments to the Constitution of the United States

Prosecution and defense have agreed that neither a search nor an arrest warrant was obtained before the arrest and seizure.

Michael A. Polozzi has motioned the court for a bill of particulars to set forth specifically the acts complained of; and another motion to dismiss, alleging that the complaint fails to state an offense under the statutes of Ohio.

A witness, Lieutenant Mullen of the Akron Police Department, was called by the prosecution to establish the probable cause. Full opportunity for cross-examination was given. Lt. Mullen testified that he went to defendant's bingo hall and observed approximately 300 people playing bingo for money, a bingo machine with numbered balls used to determine the numbers and an advertisement for prizes to be awarded. The lieutenant admitted that he had no evidence that the bingo games were operated for profit.

The prosecution argues that the term "for profit" is an affirmative defense to be raised by the defendant and therefore the arresting officers do not have to have any evidence of profit whatsoever before they can legally arrest the defendant and seize his equipment.

R. C. 2901.05(C)(1) and (2) defines an "affirmative defense" as follows:

"(C) As used in this section, an 'affirmative defense' is either of the following:

"(1) A defense expressly designated or affirmative;

"(2) A defense involving an excuse or justification

peculiarly within the knowledge of the accused on which he can fairly be required to adduce supporting evidence.''

The court finds that neither of these two definitions of affirmative defense apply to the phrase ''for profit'' as used in R. C. 2915.01 and 2915.02.

''For profit'' is a necessary element of these statutes. It is absolutely essential. Without it there can not be a crime. There must be some evidence, even hearsay evidence, that the scheme of chance, bingo, was operated for profit contrary to R. C. 2915.02.

Judge Arthur Doyle of the Court of Appeals for Summit County stated, at page 2 in his opinion in *State* v. *Parker, supra,* as follows:

''The statute only provides punishment for one who operates a lottery 'for his own profit.' And this punishment provided, places the offense within the classification of misdemeanors. The legislature of the state has not made it a criminal act to conduct a lottery unless such lottery was conducted for the operator's profit. It therefore appears that the vital element of the crime is the question of profit.''

Based upon this lack of evidence of profit, the court finds that defendant's equipment was seized and defendant arrested without probable cause.

Defendant's motion to suppress is sustained.

Defendant's motion for a bill of particulars has been satisfied by this evidentiary proceeding.

Defendant's motion to dismiss the complaint is sustained.